# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**SHAWN WRIGHT**                                                 **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:11CV-P389-S**

**LaDONNA THOMPSON et al.**                                  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Shawn Wright, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[1] For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff, who is currently incarcerated at the Luther Luckett Correctional Complex (LLCC), sues LaDonna Thompson, Commissioner of the Kentucky Department of Corrections (KDOC); Clark Taylor, Warden of LLCC; Daniel King, Captain at LLCC; and Dee Adams and Tara Wilkins, LLCC mail clerks. He alleges that while previously incarcerated at Northpoint Training Center he was charged with a disciplinary infraction stemming from his alleged involvement in a riot on August 21, 2009. He was found guilty and sentenced. He states that he filed a grievance alleging misconduct by a prison caseworker while serving his disciplinary segregation. On June 4, 2010, Plaintiff was transferred to LLCC.

Plaintiff states that on August 16, 2010, he met with an attorney, Victoria Coomber, at

---

[1] Pursuant to 28 U.S.C. § 1915A, "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Thus, even though Plaintiff paid the $350.00 filing fee, the Court is still required to screen his complaint before service on Defendants. *Id.*

LLCC to discuss seeking redress for constitutional violations at Northpoint Training Center. He states that on January 13, 2011, he called Ms. Coomber, who informed him that she had mailed materials to him on December 26, 2010, and gave him the tracking number for the package. Plaintiff was able to ascertain that the package arrived at LLCC on December 29, 2010. Plaintiff sent a letter of inquiry to the LLCC mailroom. He states that the next day he met with mailroom clerks Defendants Adams and Wilkins. He was told that the package had drawn a "red flag" because the postmark was Herndon, Virginia, but a return address of Louisville, Kentucky, appeared on the package; therefore the package had been opened. Plaintiff also was told that they had checked and Ms. Coomber was not an attorney and the package had been sitting on Defendant King's desk since its arrival. Plaintiff was allowed to take possession of the package.

Plaintiff argues that Defendants Adams, Wilkins, and King opened his clearly marked legal mail outside of his presence, examined and edited its contents, and held the remainder for three weeks, which he asserts violated his right to confidential communication with his attorney, was in retaliation for his exercise of protected conduct, and frustrated his efforts to pursue a non-frivolous legal claim. In particular, Plaintiff claims his First Amendment rights were violated in terms of his right to receive his legal mail and engage in free speech; because he was retaliated against; and because his access to the courts was impeded.

As relief, Plaintiff requests damages and a declaration that the acts described in his complaint violated his rights.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff does not specify in what capacity he sues Defendants. Because Plaintiff references Defendants in the context of their official positions, the claims will be construed as brought against them in their official capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied).

Because Plaintiff sues Defendants, state employees, in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, Plaintiff fails to allege a cognizable

claim for money damages from these state officers in their official capacity. Moreover, Defendants are immune in their official capacity from monetary damages under the Eleventh Amendment. *See id.*

To the extent Plaintiff seeks declaratory relief against Defendants in their official capacity, the suit may proceed. *Cf. Will*, 491 U.S. at 71 n.10 ("'[O]fficial-capacity actions for prospective relief are not treated as actions against the State.'" (quoting *Graham*, 473 U.S. at 167 n.14)).

## III. <u>CONCLUSION</u>

The Court will by separate Order dismiss the money damages claims against Defendants. The Court also will enter a Scheduling Order to govern the development of the remaining claims.

Date: September 19, 2011

**Charles R. Simpson III, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.009

4