UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHAWN WRIGHT                                                                 PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:11CV-389-S

LADONNA THOMPSON, et al.                                           DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Daniel King, Dee Adams, and Tara Williams, for summary judgment (DN 32).[1]  The plaintiff, Shawn Wright, has not responded to the motion.

Wright was last incarcerated at Luther Luckett Correctional Complex ("LLCC").  He has sued Commissioner LaDonna Thompson, Warden Clark Taylor, Internal Affairs Officer Capt. Daniel King, and mail room clerks Dee Adams and Tara Wilkins.  This action arose from an incident at LLCC in which a package from Wright's attorney was opened and inspected out of his presence. The package, apparently marked "legal mail," had a postmark from Herndon, Virginia, but a return address in Louisville, Kentucky.  The package was from Victoria Coomber, an attorney whose name was not listed in LLCC's legal directory.  The directory was later found to be outdated.  The defendants claim that the package was opened in accordance with mail room policy concerning

---

[1]By Memorandum Opinion (DN 6) and Order (DN 7) entered September 20, 2011, the court dismissed Wright's official capacity claims for money damages.  Wright has also sued Clark Taylor, Warden of Luther Luckett Correctional Complex, and LaDonna Thompson, Commissioner of the Kentucky Department of Corrections.  These officials' involvement consisted of their respective reviews of Wright's grievance concerning the inspection of his mail.  To the extent that we conclude that Wright has failed to establish a constitutional violation, he cannot show error in the decisions concerning his grievance.

items that require inspection and verification that they are genuine legal mail.  Wright was permitted to take possession of the package after it was determined to constitute genuine legal mail.

The court dismissed Wright's official capacity claims for damages.  (DN 6).  Wright was granted leave to amend his complaint to include individual capacity claims for damages against King, Adams, and Wilkins.  (*see* Amend, Compl., DN 18).  These defendants now urge that they are entitled to qualified immunity.

The United States Supreme Court stated in *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009), that:

> The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.  The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."  *Groh v. Ramirez*, 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (KENNEDY, J., dissenting)(citing *Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)(noting that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law.")).

The Kentucky Corrections Cabinet policy, furnished by the Department of Corrections, governing the handling of "privileged mail," provided that

1.  Incoming privileged mail shall be opened in the presence of the inmate and inspected for contraband.

2.  The identity of the sender shall be evident on the face of the envelope or mailing container.  Incoming privileged mail shall not be read if the sender is adequately identified on the envelope.  *In the absence of adequate identification, staff may open and inspect the mail to ascertain whether it is, in fact, privileged mail.*

Ky. Corr. Policy No. 16.2(II)(C)(2)(emphasis added).[2]  The policy defines "privileged mail" to include correspondence received from a licensed attorney.

The United States Court of Appeals for the Sixth Circuit stated in *Kensu v. Haigh*, 87 F.3d 172 (6th Cir. 1996), that

> Both the Supreme Court and this court have repeatedly held that a prisoner has some First Amendment rights to receive mail, subject to the right of prison officials to open a prisoner's incoming mail in accordance with uniformly applied policies deemed appropriate to maintain prison security.  That case law has also acknowledged that the opening of "legal mail" should generally be in the inmate's presence in accordance with appropriately drafted and uniformly applied regulations.

*Id*. at 174 (*citing, Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

The Corrections Cabinet policy respects this line of authority by providing that "privileged mail" is to be opened in the presence of the inmate.  However, mail which is inadequately identified, and thus not obviously "privileged mail," may be opened and inspected to determine whether it is, in fact, privileged mail.  That is exactly what is alleged to have occurred here.  Wright notes that the materials sent to him by his attorney numbered some 170 pages.  Thus this was a sizeable package, rather than a letter-sized envelope, purportedly from an attorney with a Louisville post office box return address.  The fact that the package bore a Virginia postmark, and that the attorney's name did not appear in the available legal directory rendered the package's characterization as "legal mail" suspect and the package subject to inspection.

No clearly established statutory or constitutional right has been shown to have existed entitling an inmate to be present when a package of questionable content and origin was to be

---

[2]The court presumes that the Department of Corrections inadvertently attached the version of Ky.Corr. Policy No. 16.2 with an effective date of January 3, 2011, but that there is no appreciable difference between this and the preceding version.  In any event, the Department of Corrections will be ordered to file the correct version of the policy prior to the court's entry of an order of dismissal.

opened.  Indeed, in the Sixth Circuit, the caselaw established that policies providing greater protection only for mail clearly satisfying the requirements of specific marking provisions reached a "reasoned compromise" between the rights of inmates and the security and administrative efficiency of the institution." *Boswell v. Mayer*, 169 F.3d 384, 390 (6th Cir. 1999).

We therefore conclude that under the facts of this case, defendants King, Adams, and Williams are entitled to qualified immunity from this action, as they did not violate the clearly established statutory or constitutional rights of the plaintiff.

Further, to the extent that the defendants relied upon an outdated legal directory and thus failed to properly discern from the face of the package that it bore the name and address of a licensed attorney, this failure amounted to no more that negligence in the opening of Wright's mail, and thus is not actionable. *See Daniels v. Williams*, 474 U.S. 327, 330-33 (1986)(negligence on part of public officials insufficient to state constitutional civil rights claim); *Barker v. Sowders*, No. 98-5506, 1999 WL 427170 (6th Cir. June 15, 1999).

For the reasons set forth herein, summary judgment must be granted in favor of the defendants and the Amended Complaint must be dismissed upon the Department of Corrections' amendment of its exhibits.  A separate order will be entered herein in accordance with this opinion.

**IT IS SO ORDERED.**

cc:                              October 29, 2012

Counsel of Record
Shawn Wright, *pro se*

**Charles R. Simpson III, Judge**
**United States District Court**